*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00690-CR

Jose Isaac **DELAFUENTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B91-140
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  August 17, 2011

AFFIRMED

Appellant Jose Isaac Delafuente was convicted of murder and sentenced to life imprisonment.  His sole issue on appeal is that the trial court committed reversible error by erroneously granting the State's challenge of a veniremember for cause.  *See* TEX. CODE CRIM. PROC. ANN. art. 35.16 (West 2006).  We affirm the trial court's judgment.

## BACKGROUND

Delafuente was indicted for the murder of his wife and his case was tried before a jury. During voir dire, the State asked the venire panel whether any member had been charged, arrested, or prosecuted for any crime. Veniremember No. 1, Patricia Hefner, did not respond affirmatively to the question. Hefner was called to the bench for additional questioning. She explained that she was once detained for six hours for transporting illegal aliens but had never been arrested, charged, or convicted of a crime. The State then challenged Hefner for cause due to her failure to respond to its questioning and her lack of candor with the court. The State's challenge was granted over defense counsel's objection.

## CHALLENGE FOR CAUSE[1]

The State does not dispute that it failed to establish grounds for a challenge for cause. Delafuente argues that the error was constitutional and requires reversal. *See* TEX. R. APP. P. 44.2(a). However, the erroneous excusal of a juror seldom rises to constitutional error. In *Jones v. State*, 982 S.W.2d 386 (Tex. Crim. App. 1998), the Court of Criminal Appeals stated, "[O]nly in very limited circumstances, when a juror is erroneously excused because of general opposition to the death penalty . . . does the exclusion of a juror by an unintentional mistake amount to a constitutional violation." *See id.* at 391 (footnote omitted). Aside from those very limited circumstances, which are not present in this case, we must disregard the error "unless it affected substantial rights." *Id.* at 391–92 (citing TEX. R. APP. P. 44.2(b)). Accordingly, "the erroneous excusing of a veniremember will call for reversal only if the record shows that the error deprived the defendant of a lawfully constituted jury." *Id.* at 394.

---

[1] The State argues that error was not preserved because the grounds for Delafuente's objection were not sufficiently clear. However, the record reflects that defense counsel objected to the State's challenge of Hefner because there was no "legal basis for a for cause challenge." The basis for the objection was sufficiently specific or apparent from context and, therefore, the error is preserved. *See* TEX. R. APP. P. 33.1.

Delafuente argues that the erroneous grant of a challenge for cause effectively gives the State an extra peremptory challenge that is unfair to the defendant and implicates the Fourteenth Amendment. Relying on Judge Baird's dissent in *Jones* and noting that the majority opinion primarily discusses the Sixth Amendment right to an impartial jury, Delafuente asserts that the Court of Criminal Appeals has not yet addressed whether an erroneous excusal of a juror violates a defendant's due process rights under the Fourteenth Amendment. *See id*. at 396 (Baird, J., dissenting) (arguing that "by subverting [article 35.16], the trial judge violated appellant's due process rights as mandated by the Fourteenth Amendment"). We disagree. By holding that the erroneous grant of a challenge for cause is not constitutional error except in very limited circumstances, the Court of Criminal Appeals has implicitly rejected Delafuente's argument. *See id.* at 391 (majority opinion).

We therefore apply the reversible error standard as articulated in *Jones*: whether "the error deprived the defendant of a lawfully constituted jury." *See id.* at 394; *see, e.g.*, *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (applying *Jones*'s standard); *George v. State*, No. 04-99-00461-CR, 2000 WL 770518, at *2 (Tex. App.—San Antonio June 14, 2000, no pet.) (not designated for publication) (same). Delafuente presents no argument for how the jury was not lawfully constituted and the record does not reflect as much. Consequently, we must disregard the error. *See* TEX. R. APP. P. 44.2(b); *Jones*, 982 S.W.2d at 391, 394.

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH